RECEIVED
IN ALEXANDRIA, LA

APR 21 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| Larry E. Warner | DOCKET NO. 1:06 CV 0345 |
| | SECTION P |
| VS. | JUDGE Drell |
| Randy J. Maxwell | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

*Pro Se* Plaintiff, **Larry E. Warner** ("Plaintiff"), filed the instant action pursuant to 42 U.S.C. § 1983 on January 19, 2006. [Rec. Doc. 1]. Plaintiff is currently incarcerated at the Concordia Parish Correctional facility in Vidalia, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on March 17, 2006. [Rec. Doc. 9]. The instant matter was referred to the undersigned Magistrate Judge for review, report and recommendation pursuant to 28 U.S.C. § 636 and a standing order of this Court.

Plaintiff's complaint consist of allegations pursuant to improper conditions of confinement at the parish jail.

## LAW AND ANALYSIS

### FRIVOLITY REVIEW

Plaintiff is proceeding in forma pauperis in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress

from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the sua sponte dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See, 28 U.S.C. §§ 1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold pro se complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. See, Haines v, Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam)(pro se complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an

arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992); Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claim, the Court finds that it must be dismissed under the authority of these provisions.

## Conditions of Confinement

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct

complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

While the Constitution does not mandate incarcerated persons be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require prisoners be afforded "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Encompassed within the notion of "humane conditions of confinement," are assurances that prisoners will receive adequate food, shelter, clothing and medical care, and that prison officials will "take reasonable measures to guarantee the safety of the inmates." *Farmer*, 511 U.S. at 832(quoting, *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)). In order to state a claim under the Eighth Amendment for unconstitutional conditions of confinement, the plaintiff must satisfy both a subjective and objective component. First, the <u>objective</u> requirement necessitates that the inmate allege a **sufficiently serious deprivation**. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271(1991)(emphasis added). A sufficiently serious deprivation is one which denies the inmate "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Only such deprivations are sufficiently grave to constitute cruel and unusual punishment. *Id.* Second, the

<u>subjective</u> requirement necessitates that the prison official must have acted with a sufficiently culpable state of mind. *Farmer,* 511 U.S. at 834 (citations ommitted). A prison official's culpable state of mind is measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Id.* Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana,* 122 F.2d 286, 292 (5th Cir. 1997); *Farmer,* 511 U.S. at 838-840. Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a §1983 claim. *Farmer,* 511 U.S. at 835 (citing, *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). As previously stated, **a conditions of confinement claim must satisfy tests for both objective and subjective components. However, the subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities.** *Davis v. Scott,* 157 F.3d 1003, 1006 (5th Cir. 1998)(emphasis added).

Based on the above, plaintiff's claim herein is without merit. The contents of the complaint fail to provide much more than conclusory allegations. Plaintiff's allegations there is improper ventilation which affects his sinuses and he lacks an adequate diet certainly do not establish a sufficiently serious deprivation giving

rise to an Eighth Amendment violation. As plaintiff has not shown a deprivation of the minimal civilized measure of life's necessities, his claim do not constitute cruel and unusual punishment. **Simply put, plaintiff has not shown that the constitutional minimum has not been satisfied.** Accordingly, the court need not apply the subjective test as plaintiff has not objectively demonstrated a sufficiently extreme deprivation of any minimal civilized measure of life's necessities and therefore, his claims are recommended dismissed.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that all claims brought by plaintiff herein be **DISMISSED WITH PREJUDICE** as frivolous and fail to state a claim upon which relief can be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

<u>**OBJECTIONS**</u>

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc.72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED**, in Chambers, at Alexandria, Louisiana, this _____ day of _____, 2006.

Judge James Kirk
UNITED STATES MAGISTRATE JUDGE